No. 935          October 29, 2025          491

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH SCOTT EVERS HOOD,
*Defendant-Appellant.*

Washington County Circuit Court
21CR51603; A179070

Brandon M. Thompson, Judge.

Argued and submitted May 13, 2024.

Bear Wilner-Nugent argued the cause and filed the briefs for appellant.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for unlawfully manufacturing a Schedule I controlled substance, ORS 475.752,[1] after emergency responders entered defendant's apartment to respond to a fire and found evidence of manufacturing psylocibin in plain view. Defendant assigns error to the trial court's denial of his motion to suppress, arguing that police lacked objectively reasonable grounds to believe that there might be people inside that needed assistance under the emergency-aid exception to Article I, section 9, of the Oregon Constitution. Defendant also asserts that pertinent factual findings in the court's order denying his motion to suppress were not supported by constitutionally sufficient evidence. We conclude that the trial court's findings were sufficiently supported by the record, that the emergency aid exception to Article I, section 9, authorized police to enter the premises without a warrant, and that the police found the evidence in plain view. Accordingly, we affirm the judgment of the trial court.

We review the trial court's denial of a motion to suppress evidence gathered during a warrantless search for legal error. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). In doing so, we are bound by the trial court's express and implied findings of fact, when those facts are supported by sufficient evidence in the record. *Id.*; *State v. Garcia*, 276 Or App 838, 839, 370 P3d 512 (2016). We recite the facts in light of that standard and defendant's contention that the record did not support one of the trial court's findings.

A maintenance worker at defendant's apartment complex, Marino, was notified that alarms were sounding in defendant's and neighboring apartments. He entered defendant's apartment to check for residents, and not finding anyone, proceeded to open windows and leave to retrieve "blowers" to dissipate the smoke. Shortly after, Officer Scifres and Sergeant Cooper responded to the fire. They were let into the building and led toward defendant's apartment by a different maintenance worker who did not mention previously

---

[1] ORS 475.752 has been amended since defendant committed his crime; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

entering or whether anyone was inside. Scifres and Cooper saw and smelled significant amounts of smoke coming from defendant's apartment, leading them to believe that if people were present, they could be unconscious inside the apartment. Scifres and Cooper entered the apartment to search for occupants without any information as to whether it had been searched or if there were, in fact, people present inside. No evidence was presented to suggest that the officers had any reason to believe the apartment was empty, either. As the officers entered, they first searched downstairs, then the children's bedrooms, and finally defendant's bedroom, where they found the source of the fire: a plastic tub placed on top of an electric heating pad and towels. In it were psylocibin mushrooms in plain view.

Marino, the maintenance worker who had already searched for occupants, testified that he saw police arrive after the fire department. Defendant argues that Marino's testimony directly contradicted the finding of the court that the maintenance worker who let Scifres and Cooper in must not have been Marino. We disagree. The trial court made a reasonable inference based on all the witness testimony before it. *See Ehly*, 317 Or at 75 (explaining that we are bound by the factual findings of the trial court, including any reasonable inferences it made, so long as there is sufficient evidence to support them). No testimony expressly contradicted the trial court's inference that more than one maintenance worker must have been involved nor does any testimony support defendant's assertion that the officers knew the apartment had already been searched. Thus, the court's findings are supported by the record, and we are bound by them.[2]

Article I, section 9, as well as the Fourth Amendment to the United States Constitution, protects against warrantless searches in the absence of a valid exception. Rendering emergency aid is one such valid exception, which applies "when police officers have an objectively reasonable belief, based on articulable facts, that a warrantless entry is

---

[2] We also agree with the state that the court's finding that the maintenance workers were two different people does not impact the analysis of the officers' subjective belief regarding the need for entry or whether that belief was objectively reasonable.

necessary to either render immediate aid to persons, or to assist persons who have suffered, or who are imminently threatened with suffering, serious physical injury or harm." *State v. Baker*, 350 Or 641, 647, 260 P3d 476 (2011) (footnotes omitted).

We acknowledge that our case law applying the emergency-aid exception has generally required that an officer's subjective belief that a person is in imminent danger of serious physical injury include some articulable facts establishing a threat to a particular person. *See State v. Rennells*, 253 Or App 580, 584, 291 P3d 777 (2012), *rev den*, 353 Or 410 (2013) (explaining that while evidence of a life-threatening emergency is not required, "entry is permitted if there are articulable facts reasonably indicating that a person is imminently threatened with suffering serious physical injury or harm"); *see also Baker*, 350 Or at 650 (holding that officers' belief that emergency aid was necessary was objectively reasonable based on reports of yelling and screaming inside of a residence and the potential presence of a child); *State v. Clay*, 293 Or App 797, 803, 429 P3d 1038, *rev den*, 364 Or 209 (2018) (holding that officers' belief that emergency aid was necessary was objectively reasonable when they heard concerning sounds but had no other evidence of imminent threat). "If officers believe only that a search is necessary to discover if there is a person in the location who needs immediate aid, rather than that the search was necessary because a person who is seriously injured needs their aid, officers are acting with a 'purely speculative' belief that there is a 'risk and gravity of harm' requiring their immediate action." *State v. Hamilton*, 285 Or App 315, 323, 397 P3d 61 (2017). However, in the case of a residential fire, where it is objectively reasonable for emergency responders to believe that anyone caught inside could be unconscious and unable to call for help, emergency responders are not operating on a "purely speculative" belief that aid is required. *Cf. id.* at 324-25 (holding that officers acted in a purely speculative manner when they continued their search of the home after finding the person they believed was in need of emergency aid).

Officers who receive a report of a residential fire, arrive to significant smoke and no evidence that the fire

department has entered the building to extinguish the fire, and have no reason to believe the building is empty, do not act on pure speculation in reasonably believing that emergency aid is necessary. Holding otherwise would go against the public's interest in ensuring first responders provide emergency aid when absolutely necessary. Thus, we conclude that the emergency aid exception extends to these circumstances, and the trial court did not err in denying defendant's motion to suppress evidence under Article I, section 9.[3]

Affirmed.

---

[3] To the extent that defendant argues that the Fourth Amendment provides greater protection than the Oregon constitution on this matter, the federal case law forecloses that argument. *See Michigan v. Tyler*, 436 US 499, 509, 98 S Ct 1942, 56 L Ed 2d 486 (1978) ("A burning building clearly presents an exigency of sufficient proportions to render a warrantless entry 'reasonable.' Indeed, it would defy reason to suppose that firemen must secure a warrant or consent before entering a burning structure to put out the blaze.").