In the Matter of
Steven Andrew Salmon, a Child.
## STATE ex rel JUVENILE DEPARTMENT OF CLATSOP COUNTY,
*Respondent,*

*v.*

## SALMON,
*Appellant.*

(2131 J; CA A39732)

730 P2d 1285

Blair J. Henningsgaard, Astoria, argued the cause and filed the brief for appellant.

Carol F. Munson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Mary M. Muller, Certified Law Clerk, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this juvenile case, the child was found to be within the jurisdiction of the court by reason of his commission of assault in the fourth degree. ORS 163.160 provides, in pertinent part, that a person commits the crime of assault in the fourth degree if he "[i]ntentionally, knowingly or recklessly causes physical injury to another." The thrust of the child's appeal involves the element of physical injury, which is defined as "impairment of physical condition or substantial pain." ORS 161.015(6). He claims that there is no evidence that the alleged victim, his grandmother, suffered any impairment of her physical condition or substantial pain.[1] We disagree and affirm the juvenile court's finding.

At the jurisdictional hearing, the child admitted that he threw a relish container at his grandmother. He describes the container as being "light plastic," similar to a commercial cottage cheese container and containing approximately one-half inch of relish. Grandmother testified that the container struck her face, causing redness and swelling in the eye area. She stated that the container felt heavy to her. She further testified that the blow hurt, that swelling lasted a day and a half and that bruising occurred on the third day. A deputy sheriff testified that one hour after the incident he observed the injury, which he described as "reddish and swelling." On

---

[1] The child also argues that there is no evidence that he "intentionally" caused physical injury to his grandmother. Given his own unequivocal testimony that he acted with a conscious objective to throw the container at his grandmother's face, this assignment merits no discussion. The pertinent testimony is:

"Q [DEFENSE COUNSEL] Okay, Steven. You heard the explanation that your grandmother just gave over the incident. Is that basically what happened?

"A [CHILD] Yeah, pretty much.

"Q Okay. Do you remember throwing that relish container?

"A Yeah.

"Q Why did you throw it?

"A Because she threatened to throw an ashtray in my face.

"Q That's what you felt she was doing?

"A Yeah.

"Q Why do you think that?

"A Well, she picked it up and goes, 'Do you want this in your face?' And then I said, 'How would you like this in your face?' and threw it at her."

*de novo* review, we conclude that the testimony of grand-mother, the police officer and the child is sufficient to support the juvenile court's finding, which we adopt.

We are not strangers to the general question of what constitutes a "physical injury" and have confronted it in several cases, four of which are cited by the parties. *State v. Cetto,* 66 Or App 337, 674 P2d 66, *rev den* 296 Or 712 (1984); *State v. Capwell,* 52 Or App 43, 627 P2d 905 (1981); *State v. Rice,* 48 Or App 115, 616 P2d 538, *rev den* 289 Or 741 (1980); *State v. Lindsey,* 45 Or App 607, 609 P2d 386 (1980). In *Lindsey,* the only injury suffered by the victim was a torn shirt. There, we reversed the conviction for assault in the fourth degree for the reason that the evidence was not suffici-ent to establish a physical injury. In *Rice,* the defendant used a pick axe to break a window of the pick-up cab in which his wife was located.

"Wife received a slight cut on her cheek, apparently from flying glass. She did not realize she had been cut until her daughter mentioned it. She testified she felt no pain, that the cut was not noticeable after two or three days and that there was no scar." 48 Or App at 117.

We considered whether the slight scratch was an "impairment of [wife's] physical condition" and concluded that it was not.

In *Capwell,* the defendant struck the victim's arm with a gas can, which hurt but did not cause "bruising or any other injury to the victim." We held that the act was not a physical injury and noted that other than the victim's testi-mony that he had pain, there was no "evidence of the degree of the pain or that it was anything more than a fleeting sensa-tion."[2] Finally, in *Cetto,* which we affirmed on other grounds, and which involved a father's striking of a three-year-old child who had chronic leukemia, we noted that evidence that the child had a swollen, bloody lip and facial bruises was sufficient to establish physical injury.

The victim here endured more than momentary pain, as evidenced by the subsequent swelling and eventual bruising of her face. We hold that the combination of pain, swelling

---

[2] We have noted that the statutory language requires that pain be "substantial." ORS 161.015(6). In *Capwell,* we applied the Oxford English Dictionary definition of "substantial," which is "real" or "ample." 52 Or App at 46.

and bruising constitutes a "physical injury"; the child's conduct constituted assault in the fourth degree.

Affirmed.