Argued and submitted June 27, in A144017, conviction of one count of assault in the fourth degree reversed; otherwise affirmed, in A144018, affirmed November 21, 2012, petition for review denied March 7, 2013 (353 Or 410)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL DARWIN RENNELLS, JR.,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0900882, CR0912875;
A144017 (Control), A144018

291 P3d 777

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. Paul Darwin Rennells, Jr., filed the supplemental brief *pro se*.

Jeremy Rice, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger,

Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant appeals a judgment of conviction for coercion, two counts of fourth-degree assault, and menacing, all arising out of a domestic dispute.[1] He asserts that the trial court erred in denying his motion to suppress statements made by the victim and by defendant, arguing that the statements derived from an unlawful entry of the victim's apartment. He also contends that the court erred in denying his motion for judgment of acquittal on the assault convictions, maintaining that one conviction fails because the prosecution did not establish venue and the other fails because the prosecution did not prove that the victim suffered a physical injury. We reverse one of the assault convictions and otherwise affirm.

Milwaukie Police Officers Glenn, Truong, and Graves responded to an anonymous 9-1-1 call reporting screams coming from an apartment. When the officers arrived at the apartment, however, it was quiet. Glenn knocked on the front door and heard an inside door slam shut, but nobody answered his knock. He knocked a second time. Truong noticed someone peek through an open window but could not tell whether the person was male or female. Glenn knocked on the door again, this time quite loudly, using his foot. Truong yelled through the open window several times that police were outside and that the occupants should come to the door. There was no response, and it was silent in the apartment.

Truong, meanwhile, identified two vehicles in front of the apartment as belonging to defendant and to the victim. He reported that information to dispatch and learned that defendant was on probation and was under a no-contact order regarding the victim. The officers also spoke to neighbors, who reported that there had been problems at the apartment in the past. At that point, the officers decided

---

[1] This appeal consolidates two cases. In one, A144018, the only issue on appeal is defendant's argument in a *pro se* supplemental brief that the court erred in convicting him on 10 counts of contempt for violating an order that prohibited him from contacting the victim in the principal case. Defendant stipulated to the facts underlying the contempt convictions. We affirm the convictions in that case without further discussion.

to enter the apartment to determine whether an occupant was in distress. The officers obtained a key from the site manager. Glenn opened the door as far as possible, but could not fully open it because of a security chain. He called out that police were present and that the occupants should come to the door. There was no response. Glenn then kicked open the door, and the officers entered. They found the victim and defendant in the bedroom. Each subsequently made the inculpatory statements that gave rise to the instant charges, and the officers arrested defendant.

At trial, defendant sought to suppress the statements, contending that the officers' warrantless entry was unlawful.[2] The trial court rejected that argument, explaining that, in light of the information the officers had at the time, they had an objectively reasonable belief that someone inside was in need of help and, for that reason, entry into the apartment was lawful under the emergency aid exception to the warrant requirement. After a trial to the court, defendant was convicted of coercion, two counts of fourth-degree assault, and menacing.

On appeal, defendant first assigns error to the trial court's denial of his motion to suppress. We review the facts on which the denial was based for any evidence and the court's ruling based on those facts for errors of law. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

The Supreme Court recently set out the elements of the emergency aid exception to the warrant requirement in *State v. Baker*, 350 Or 641, 649, 260 P3d 476 (2011):

> "[U]nder certain circumstances, the need to render emergency aid or prevent serious injury or harm is an appropriate justification for an immediate warrantless entry under Article I, section 9. Consequently, we conclude that an emergency aid exception to the Article I, section 9 warrant requirement is justified *when police officers have an objectively reasonable belief, based on articulable facts, that a warrantless entry is necessary to either render immediate aid to persons, or to assist persons who have suffered, or who*

---

[2] Defendant did not file a motion to suppress before trial. The issue was considered at trial with the consent of the prosecution.

*are imminently threatened with suffering, serious physical injury or harm."*

(Footnote omitted; emphasis added.) Contrary to defendant's contention on appeal (briefed and argued before *Baker* was decided), the emergency aid exception does not require a life-threatening emergency or violence in progress. Entry is permitted if there are articulable facts reasonably indicating that a person is imminently threatened with suffering serious physical injury or harm. *Id.*

We agree with the trial court that the emergency aid exception to the warrant requirement justified the officers' entry into the apartment. The officers had a report of screaming in the apartment and statements from neighbors that there had been earlier problems there. They knew that defendant was not supposed to have contact with the victim but that both of their cars were parked nearby, from which the officers could reasonably infer that both defendant and the victim were in the apartment. They knew that they had been observed by one of the apartment's occupants, but that they were nonetheless denied entry. Despite the likely presence of defendant and the victim in the apartment, the apartment, after the reported screaming, was silent. Although, perhaps, none of those facts would alone have justified a warrantless entry, together they support a reasonable belief that a person was in physical danger and in need of help. The trial court did not err in concluding that the entry was justified under the emergency aid exception.

The state presented evidence about three incidents, and defendant was convicted of only two. The victim testified that two of the incidents—one involving kicking and another involving shoving—occurred at her apartment in Clackamas County. She did not describe the location of the third incident, which involved slapping. After the state had presented its case, defendant disputed whether it had established venue. The prosecutor acknowledged that the victim's testimony had addressed venue with respect to only two of the three assault incidents, the kicking incident and the slapping incident. That was not an accurate recollection; the victim testified as to the location of the kicking and *shoving* incidents. Both the trial court and defense counsel

then agreed with the prosecutor's erroneous recollection that venue had been established at the victim's apartment as to the slapping and kicking incidents, but not as to the shoving incident.

"[PROSECUTOR]: Well, if you go back through your notes, judge, as it relates to [the victim's] testimony yesterday, I asked her to clarify yesterday where the slap to the face occurred and where the kicking occurred, and she mentioned that both of those were at the residence.

"THE COURT:   The apartment.

"[PROSECUTOR]:   Yeah.

"THE COURT: So that was [Count] two through [Count] three, the slap to the face and the kicking.

"[PROSECUTOR]:   That's right.

"[DEFENDANT'S COUNSEL]:   *Right.*"

(Emphasis added.) The trial court then granted a motion for judgment of acquittal on all but two assaults, not further identified.

In his second assignment of error, defendant now contends that the state failed to establish venue as to the slapping charge. He contends that, despite the parties' agreement that venue had been established for the kicking and slapping incident, the actual testimony established venue only for the kicking and shoving incidents; therefore, defendant argues, he was entitled to an acquittal on the slapping incident based on absence of evidence.[3] However, contrary to defendant's suggestion, the trial court did not *state* that the judgment of acquittal was granted specifically as to the shoving incident. It simply concluded that the state had established venue only as to two assaults. In any event, we agree with the state that any claim of error was not preserved and even, arguably, that any error was invited when defense counsel appeared to agree that the testimony established venue for the kicking and slapping incidents.

---

[3] We note that each of the assaults was charged identically:

"The defendant, on or between May 1, 2009 and July 25, 2009, in Clackamas County, Oregon, in a criminal episode separate, apart and distinct from that alleged in the District Attorney Information, did unlawfully and recklessly cause physical injury to [the victim]."

Further, defendant does not contend that the error, if any, was plain, and even if it were, we would decline to exercise our discretion to correct it.

Finally, defendant asserts that the state failed to establish the "physical injury" component of the fourth-degree assault count involving kicking. In reviewing the denial of a motion for judgment of acquittal based on the sufficiency of the evidence, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998).

A person commits the offense of assault in the fourth degree if the person "[i]ntentionally, knowingly, or recklessly causes physical injury" to the victim. ORS 163.160(1)(a). For purposes of that statute, ORS 161.015(7) defines "physical injury" as "impairment of physical condition or substantial pain." In *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001), we said that the term "substantial pain" refers to the degree and duration of pain suffered by the victim and that, to be "substantial," the pain must be "ample" or "considerable," and not fleeting or inconsequential.

The evidence here is that, as a consequence of a "kicking match," the victim experienced bruising on her legs that lasted several days. However, although the victim testified that she experienced pain from the incidents involving shoving and slapping, the victim did not testify that she suffered any pain as a consequence of the kicking incident. In fact, in response to the prosecutor's question whether it hurt when defendant kicked her, the victim answered, "No, I was kicking him." The state asserts that the factfinder could infer from the evidence that the victim suffered pain as a result of defendant striking her body in some way. We agree with defendant that, although the evidence—a bruise lasting several days—may be sufficient to infer that the victim suffered *some* pain as a consequence of the kicking incident, it is not sufficient to infer that she suffered *substantial* pain. *See State v. Anderson*, 221 Or App 193, 194-95, 189 P3d 28 (2008) (concluding that there was no evidence that a tiny cut with a few drops of blood caused pain

"of a sufficient degree or duration to be 'substantial'"). The state on appeal does not argue that the victim experienced impairment of her physical condition. *But see State v. Wright*, 253 Or App 401, 290 P3d 824 (2012) (bruising alone, without evidence of physical impairment, is not sufficient to establish impairment of physical condition). We conclude, therefore, that the trial court erred in denying defendant's motion for judgment of acquittal on the count of assault in the fourth degree involving kicking. We reject defendant's remaining assignments of error without discussion.

In A144017, conviction of one count of assault in the fourth degree reversed; otherwise affirmed. In A144018, affirmed.