PER CURIAM
*652 Defendant appeals judgments of conviction for unlawful delivery of methamphetamine to a minor, ORS 475.890(3), application of a schedule II controlled substance to the body of a minor, ORS 475.910(1)(a), and felon in possession of a firearm, ORS 166.270. Of defendant's three assignments of error, we reject his second and third without discussion and write to address only the first assignment, in which defendant argues that the trial court erred in admitting incriminating statements made by the victim. Because we conclude that defendant failed to preserve his challenge to one of the bases for the trial court's ruling, we affirm.
The statements at issue came from a videotape of a CARES interview of the victim. Before introducing the tape, the state laid foundation with testimony from witnesses who observed or participated in the interview. The state then dismissed those witnesses and offered the tape into evidence. Defense counsel objected, arguing that the tape was inadmissible hearsay and did not fall under the exception under OEC 803(4). In response, the prosecutor expressed concern that he might not have laid enough foundation and that necessary witnesses had been dismissed. The trial court asked defense counsel whether he wished to "respond to [the state's] concern about *** timeliness." Defense counsel replied that he understood those concerns, agreed that his timing was not ideal, and apologized. Defense counsel made no further argument.
The trial court admitted the tape on two grounds: first, that defendant's objection was untimely, and second, that the hearsay statements in the interview satisfied the hearsay exception under OEC 803(4). The jury found defendant guilty on all counts.
On appeal, defendant argues that his objection was not untimely and that the evidence was inadmissible hearsay. As to timeliness, defendant asserts that he timely objected before the evidence was introduced and that the state had the burden to lay sufficient foundation before introducing its evidence.
*653 Defendant failed to preserve that argument. Defendant advanced no argument at trial as to why his objection was timely; rather, when the court expressly gave defense counsel the opportunity to make an argument, counsel only acknowledged that his timing was not "ideal." Because neither the court nor the state had the opportunity at trial to consider and respond to the argument *363 that defendant now asserts, it is unpreserved. See Peeples v. Lampert , 345 Or. 209, 219-20, 191 P.3d 637 (2008) (purposes of preservation are to (1) ensure fairness to trial court, (2) ensure fairness to opposing party, and (3) foster development of record); State v. Rennells , 253 Or. App. 580, 585, 291 P.3d 777 (2012) (claim of error not preserved, and, arguably, error was invited when defendant "appeared to agree" to the contested fact).
Defendant does not develop an argument but the trial court's timeliness ruling is plain error. Because defendant has failed to properly challenge all bases for the ruling, we reject his first assignment of error. See State v. Stoudamire , 198 Or. App. 399, 403, 108 P.3d 615 (2005) (appellant must challenge all bases of trial court's ruling); Roop v. Parker Northwest Paving Co. , 194 Or. App. 219, 236, 94 P.3d 885 (2004) (same).
Affirmed.