Argued and submitted October 18, 2018, affirmed August 5, petition for review denied December 10, 2020 (367 Or 290)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KATHERINE ANN COLPO,
*Defendant-Appellant.*

### Clackamas County Circuit Court
### CR1501965; A164323

472 P3d 277

Defendant appeals from a judgment of conviction for first-degree criminal mistreatment, ORS 163.205, and argues that the trial court erred in denying her motion for a judgment of acquittal. Defendant contends that there was insufficient evidence to permit a rational trier of fact to find that she caused "substantial pain" to her son when she punched him in the stomach because the degree and duration of his pain was "fleeting and inconsequential." The victim rated his pain as a seven on a scale from one to 10 and testified that his pain lasted for 90 seconds. That amount of time, according to defendant, cannot constitute substantial pain. *Held*: The trial court did not err in denying defendant's motion. A rational factfinder could conclude that 90 seconds to a six-year-old victim is more than momentary and further that 90 seconds of pain rated at a seven is more than fleeting.

Affirmed.

Jeffrey S. Jones, Judge.

Erica Herb, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Matthew Maile, Assistant Attorney General.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

POWERS, J.

Affirmed.

_____

* Egan, C. J., *vice* Garrett, J. pro tempore.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for criminal mistreatment in the first degree, ORS 163.205, and argues that the trial court erred in denying her motion for a judgment of acquittal (MJOA).[1] As charged, one element of first-degree criminal mistreatment is that defendant caused the victim "physical injury," which is defined as "impairment of physical condition or substantial pain." ORS 163.205(1)(b)(A); ORS 161.015(7). Defendant contends that there was insufficient evidence to permit a rational trier of fact to find that she caused "substantial pain" to her son, T, when she punched him in the stomach because the degree and duration of his pain was "fleeting and inconsequential." As explained below, we conclude that the trial court did not err in denying defendant's motion because there was sufficient evidence for a rational factfinder to conclude beyond a reasonable doubt that she caused the victim "substantial pain." Accordingly, we affirm.

We review the denial of an MJOA to determine whether, after viewing the facts and all reasonable inferences in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We state the facts in accordance with that standard.

Defendant, her boyfriend, and son, T, were staying in a hotel in Oregon City. While the three were waiting for the hotel elevator, defendant punched T, who was six years old, in the stomach. As seen on the surveillance footage, the victim reacted by bending over and grabbing his stomach. A hotel employee saw the incident on surveillance footage and immediately reported it to her manager, who called the police.

Officer Ennis responded to the hotel, watched the surveillance video, and then went to defendant's room to further investigate. Defendant told Ennis that the victim

---

[1] ORS 163.205 has been amended since defendant committed her crimes in 2015, but because the amendment does not affect our analysis, we refer to the current version of the statute in this opinion.

was a "liar" that "had ruined her life \*\*\* because of his lies" and that defendant was currently homeless and unemployed. Defendant also told Ennis that because the victim had made accusations of sexual abuse against defendant's roommate, they had to leave their home, and that she was "pissed" at the victim because he had "fucked up [her] life."

When Ennis asked defendant about what happened at the elevator, she maintained that nothing happened. After Ennis showed defendant the surveillance video on his phone, however, defendant said, "I didn't hit him very hard. I did not hurt him." Defendant became upset and told Ennis that the victim was "a liar," not credible, "that he overreacts, and that he is theatrical." She then referred Ennis to the victim and told him that the victim would say that he was not hit very hard and that defendant did not injure him.

Ennis approached the victim, who initially insisted that nothing had happened. After watching the surveillance video with Ennis, however, the victim said that after he had been hit "[i]t hurt a little bit, for a little while" and that he felt like he was going to throw up from being hit. The victim also told Ennis that he did not want his mom to go to jail and that he was not hit very hard. Although Ennis did not see any marks or bruising on the victim, he arrested defendant. Ultimately, defendant was charged with third-degree assault, first-degree criminal mistreatment, and harassment, and waived her right to a jury.

During the trial to the court, the victim testified that, when he got punched, it felt like a rock was thrown at him or a baseball bat. The victim further explained that it felt like a baseball was thrown at him that he did not catch. He rated his pain as a seven on a scale from one to 10, with 10 being the worst pain that he ever felt when he broke his arm falling off of a four-wheeler. On cross-examination, he changed that rating to a five. He said that his pain lasted for a minute and a half.

Defendant moved for an MJOA after the close of the state's case-in-chief, arguing that the state presented insufficient evidence to prove that the victim suffered physical injury because "there was no mark, there was low pain, and[,] if there was pain[,] it was only for a minute and a

half." The court denied the motion, concluding that there was sufficient evidence to survive an MJOA and, ultimately, found defendant guilty on all three charges. The guilty verdicts on the third-degree assault and harassment charges merged into the first-degree mistreatment verdict.

On appeal, defendant renews her argument that the evidence was insufficient to prove that the victim suffered substantial pain. Under *State v. Roberts*, 293 Or App 340, 344-45, 427 P3d 1130 (2018), substantial pain must be both of sufficient degree and duration. Defendant contends that, because the evidence of pain must reach both a degree and durational threshold and, in this case, the victim suffered pain for only 90 seconds, there is insufficient evidence that defendant caused substantial pain. As explained below, we conclude that, under our standard of review—that requires us to view the evidence in the light most favorable to the state—there was sufficient evidence for a rational finder of fact to conclude beyond a reasonable doubt that defendant caused the victim substantial pain, and, therefore, the trial court did not err in denying defendant's MJOA.

An element of both first-degree criminal mistreatment and third-degree assault, as charged in this case, is that the defendant caused "physical injury" or injuries to the victim. ORS 163.205(1)(b)(A); ORS 163.165(1)(h). The term "physical injury" is defined to mean "impairment of a physical condition or substantial pain." ORS 161.015(7). The state concedes that the evidence in this case is insufficient to prove impairment of a physical condition. Therefore, we must determine whether, based on the evidence introduced at trial, a rational factfinder could find beyond a reasonable doubt that defendant caused the victim substantial pain. That inquiry hinges on whether the victim subjectively experienced substantial pain. *State v. Guzman*, 276 Or App 208, 211, 366 P3d 816 (2016) (so stating).

Defendant correctly observes that evidence establishing substantial pain must meet both a degree or intensity threshold as well as a durational threshold—both of which are measured subjectively from the victim's point of view. *See Roberts*, 293 Or App at 348 ("[W]e have held that the jury can determine that a victim suffered substantial

pain only if the evidence supports findings that the victim suffered considerable pain and * * * the duration of the pain was more than fleeting." (Ellipsis in original, internal quotation marks, citation, footnote, and emphasis omitted.)); *State v. Long*, 286 Or App 334, 340, 399 P3d 1063 (2017) (explaining that the phrase "substantial pain" refers "both to the degree and the duration of pain subjectively experienced by a victim"). In terms of degree, intensity, or severity, "substantial pain" must be "considerable" or "ample" and cannot be "inconsequential." *See Guzman*, 276 Or App at 212; *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). And, with respect to duration, "substantial pain" cannot be "fleeting" and must be more than "momentary." *See Guzman*, 276 Or App at 212; *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 241, 730 P2d 1285 (1986). As we explained in *Roberts,* the origin of the term "substantial pain" has its roots in the legislature's desire to define assault crimes to require the infliction of actual physical injury and to exclude batteries that do not have a harmful effect. 293 Or App at 348 n 1 (explaining that "pain that is only fleeting may be said not to have such a harmful effect" (internal quotation marks omitted)).

Defendant argues that the pain that the victim subjectively felt could not be substantial because it was both fleeting and inconsequential. Specifically, defendant acknowledges that, "[a]lthough [the victim]'s pain may have been of a sufficient degree to qualify as substantial, the fact that it lasted, at most, for a minute and a half rendered the pain fleeting and inconsequential." The lack of any visible injury together with the victim's testimony about the duration of pain, defendant asserts, demonstrates that there was insufficient evidence to meet the substantial pain threshold.

With respect to the degree of pain, we readily conclude that there was sufficient evidence that the victim subjectively felt substantial pain. The victim specifically testified that his pain was a seven on a one-to-10 scale.[2] He compared defendant punching him to being hit by a baseball,

_____

[2] Although the victim downgraded his pain to a five on cross examination, our standard of review requires us to accept the facts in the light most favorable to the state. *See Guzman*, 276 Or App at 211.

baseball bat, or a rock. The victim further described that he felt like he was going to throw up. That testimony is sufficient for a rational factfinder to conclude that the victim suffered substantial pain with respect to degree or intensity.

With respect to the duration of the victim's pain, we also conclude that there was sufficient evidence of substantial pain. To the extent that defendant's argument suggests that pain that lasts for 90 seconds—regardless of the degree or intensity of that pain—cannot constitute substantial pain, we reject it. As long as there is evidence in the record to establish that the pain is not "fleeting" or is "more than momentary," it becomes a question of fact for the factfinder. *See Guzman*, 276 Or App at 212; *Salmon*, 83 Or App at 241 (holding sufficient evidence of substantial pain where the victim "endured more than momentary pain, as evidenced by the subsequent swelling and eventual bruising of her face"); *Long*, 286 Or App at 342-43 (concluding that there was insufficient evidence of substantial pain where the state failed to adduce any evidence of either the quality or duration of the victim's pain and observing that that omission was "especially conspicuous" where the only evidence in the record about pain was the victim's testimony "squarely denying that she experienced any pain" (emphasis omitted)). Moreover, the duration of pain often is intertwined with the degree or intensity of pain. As described above, the determination of substantial pain is a subjective inquiry. *See Guzman*, 276 Or App at 211. Thus, the degree of pain felt by a victim can inform the determination of whether the pain was fleeting or momentary.

Here, the victim was six years old when he was punched in the stomach, which he rated as a seven on the one-to-10 scale. Thus, although we have noted that the duration of pain must be more than "momentary," *Salmon*, 83 Or App at 241, we conclude that a rational factfinder could conclude that 90 seconds to a six-year-old victim is more than momentary and further that 90 seconds of pain rated at a seven is more than fleeting. To be sure, our case law addressing the durational component of substantial pain has often included pain that lasts one hour, several hours, or days. Nothing in those cases, however, suggests that we should take a categorical approach or place a strict

time threshold to aid us in the determination of whether pain is fleeting or inconsequential. Rather, our prior decisions suggest the opposite: the determination of whether a victim suffered substantial pain is inherently fact-bound, which means that a categorical or strict time threshold based on duration alone is inappropriate. *See Long*, 286 Or App at 341 ("Ordinarily, whether a victim has suffered 'substantial pain' is a question for the trier of fact; however, whether the evidence is sufficient to submit that question to the factfinder depends on the nature of the evidence itself." (Emphasis omitted.)). Accordingly, because the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant caused the victim substantial pain by punching him in the stomach, the trial court did not err in denying defendant's MJOA.

Affirmed.