Submitted January 27, affirmed May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER JAMES MILLER,
aka Tyler James Lupoli,
aka Tyler Miller,
*Defendant-Appellant.*

Washington County Circuit Court
19CR02625, 18CR45019, 19CR01241;
A170947 (Control), A170945, A170946

488 P3d 830

Defendant appeals from a judgment convicting him of two counts of fourth-degree assault, ORS 163.160. He assigns error to the trial court's denial of his motion for judgment of acquittal on both counts, arguing that the evidence was insufficient to prove the required element of "substantial pain." *Held*: The Court of Appeals concluded that the evidence was sufficient to support an inference from which a rational factfinder could conclude that defendant's assault caused the victim, S, substantial pain.

Affirmed.

Danielle J. Hunsaker, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting him of two counts of fourth-degree assault, ORS 163.160. He assigns error to the trial court's denial of his motion for judgment of acquittal on both counts, arguing that the evidence was insufficient to prove the required element of "substantial pain." We agree with the state that the evidence was sufficient to support an inference from which a rational factfinder could conclude that defendant's assault caused the victim, S, substantial pain. Accordingly, we affirm.

We begin by stating the facts "in the light most favorable to the state." *State v. Casey*, 346 Or 54, 56, 203 P3d 202 (2009). After investigating a report of a man and woman arguing, the police found S with two black eyes and a cut over her right eye. Despite a "no-contact" order, defendant and S were involved in an intimate relationship at the time of the incident and S was pregnant. As a result of the incident, defendant was indicted for two counts of fourth-degree assault constituting domestic violence.

Defendant waived jury and proceeded with a bench trial. The state presented evidence that included photographs of S's injuries from the incident, as well as testimony from three witnesses. The photographs, taken about a week after the incident, showed that S had significant, deep purple bruising around both eyes and her nose and a cut above her right eye. Officer Johnson testified to those injuries and stated that the mark above her right eye was a "laceration." S testified that the bruises lasted for about a month.

S indicated that she did not remember "specifically" what defendant did to her or what kind of pain she felt at the time; she noted that she had been using drugs around the time the incident occurred and that her memory was affected. She explained, "you forget, like, quickly *** following any kind of injury of that nature" involving "a momentary sort of pain" in contrast to extended pain like labor, but noted that she was "probably explaining it wrong." She agreed that a blow that resulted in two black eyes "would likely have caused somebody pain."

The state presented Jeff Muchow, who took notes for the grand jury, to testify about S's prior statements regarding the assault. He recounted S's grand jury testimony that defendant "punched her between the eyes *** with closed fists[,] knocked her down[, and] punched her again" causing two black eyes, and a bruised nose and chin. According to Muchow, S testified that defendant "kept punching [her] in the face" and caused her "bleeding."

At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the state failed to meet its burden to prove that S was injured for purposes of ORS 163.160.[1] In denying the motion, the trial court pointed to the photographs, witness statements of observations of her physical condition, and S's own testimony that the bruises on her face had lasted up to a month. Although there was "not specific evidence from her about the level of pain or how she felt," the trial court concluded that "common sense can be utilized here and given the photographs and the testimony about the injuries observed—common sense indicates that those would be painful. They would cause pain and there would be an injury." Defendant was convicted of both counts of fourth-degree assault constituting domestic violence.

At trial, the state was required to prove that defendant "intentionally, knowingly, or recklessly cause[d] physical injury" to the victim. ORS 163.160(1)(a). As relevant here, "physical injury" means "substantial pain," which encompasses "the degree and duration of pain suffered by the victim." ORS 163.015(7) (defining "physical injury" to mean "impairment of physical condition or substantial pain"); *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001) (describing substantial pain). On appeal, defendant maintains, as he did below, that, because the evidence was insufficient to show that S suffered substantial pain, he was entitled to a judgment of acquittal. He asserts that the evidence of pain is speculative, given S's testimony that she could not remember whether she felt pain and that any pain was momentary, and he argues that the other testimony

---

[1] "A person commits the crime of assault in the fourth degree if the person *** [i]ntentionally, knowingly or recklessly causes physical injury to another[.]" ORS 163.160(1).

and photographs do not establish pain sufficient to sustain a conviction.

The state contends that the evidence was sufficient to support a reasonable inference that S's pain was considerable and more than fleeting. It points to photographs and testimony that defendant punched S's face, knocked her down, and caused her black eyes and bruises to her nose and chin lasting for about a month, all supporting a conclusion that her pain was considerable.

Reviewing for "whether the evidence was sufficient to permit a reasonable trier of fact to find beyond a reasonable doubt" that defendant caused S substantial pain," *see Casey*, 346 Or at 58, we conclude that it was.

To qualify as substantial for these purposes, pain must be "ample" or "considerable," not "fleeting" or "inconsequential." *State v. Rennells*, 253 Or App 580, 586, 291 P3d 777 (2012) (citing *Poole*, 175 Or App at 261). We have found the evidence to be insufficient to establish substantial pain in cases where the victim denied experiencing much pain and where there were not physical signs to support an inference of substantial pain in the absence of testimony from the victim. *See, e.g.*, *id*. (holding that evidence of leg bruising that lasted several days after a "kicking match" was not ample or considerable where the victim did not testify that she had suffered any pain from the kicking and, when asked whether she did, answered, "[n]o, I was kicking him"); *State v. Long*, 286 Or App 334, 337, 342-43, 399 P3d 1063 (2017) (concluding that evidence of bruising and scratch marks around the collar bone and neck was insufficient to support a nonspeculative inference of substantial pain where the victim testified that she did not feel "a lot of pain" and had "exaggerat[ed]" to get the defendant "in trouble"); *State v. Lewis*, 266 Or App 523, 529-30, 337 P3d 199 (2014) (evidence that the defendant pulled out the victim's hair was insufficient to establish substantial pain where she did not testify that she felt pain and there were not any physical signs to support an inference that she suffered substantial pain).

Ultimately, "the set of reasonable inferences that may be derived from the evidence is determinative as to

whether the issue is submitted to the trier of fact." *State v. Guzman*, 276 Or App 208, 215, 366 P3d 816 (2016) (holding that "when the victim does not provide direct evidence of his or her subjective experience of the degree and duration of the pain, *** a trial court *** must determine whether the evidence would permit a rational jury to reasonably infer that the victim suffered considerable pain and whether the duration of the pain was more than fleeting"). The court must determine the line between "inferences that are reasonable and those that are too speculative." *Id*. (quotations omitted).

In *Guzman*, the victim failed to appear to testify at trial. Despite the lack of victim testimony, however, the record included photographs of the victim with bright red scratches and facial swelling that corroborated other witness testimony and the victim's statement to the 9-1-1 dispatcher that the defendant pushed her and would not let her go. *Id*. at 215. We concluded that "a rational juror could infer from that evidence that the victim's injuries involved 'ample' or 'considerable' pain" that was more than fleeting and that "the victim's significant facial swelling immediately after the altercation was painful and that her injuries turned into significant bruising and soreness that persisted for a consequential amount of time." *Id.* at 215-16.

Likewise in this case, we conclude that the evidence was sufficient to support an inference of substantial pain. That evidence includes photographs depicting bruising around S's eyes and nose and a cut above her right eye which Johnson described as a "laceration," and Muchow's testimony that S told the grand jury that defendant "punched" her between the eyes with closed fists, knocked her down, and punched her again causing bleeding, and that the bruising to her face lasted for about a month. It is reasonable to infer from that evidence that the pain resulting from those injuries was ample, considerable, and more than fleeting, despite S's more equivocal trial testimony about the extent of her pain. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.