Argued and submitted November 23, 2020; remanded for resentencing, otherwise affirmed October 6, 2021; petition for review denied February 3, 2022
(369 Or 211)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOMINGO SOTO-MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR46176; A171178

499 P3d 108

D. Charles Bailey, Jr., Judge.

Mark Kimbrell, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Dashiell L. Farewell, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant repeatedly punched his brother in the face during an argument, resulting in a conviction for assault in the fourth degree, ORS 163.160, constituting domestic violence. On appeal, defendant claims that the trial court erred in denying his motion for judgment of acquittal (MJOA), which was based on alleged insufficiency of the evidence of "physical injury." Alternatively, he challenges two special conditions of probation that were imposed as part of his sentence. As described below, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal. However, as to the probation conditions, we reverse and remand for resentencing.

In his first assignment of error, defendant challenges the denial of his MJOA. On review of the denial of an MJOA, we view the evidence "in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Lewis*, 266 Or App 523, 524, 337 P3d 199 (2014) (internal quotation marks omitted). When the propriety of submitting an issue to the factfinder comes down to inferences, we "must determine the line between inferences that are reasonable and those that are too speculative." *State v. Miller*, 311 Or App 680, 684, 488 P3d 830 (2021) (internal quotation marks omitted).

Under ORS 163.160(1)(a), fourth-degree assault occurs when a person "[i]ntentionally, knowingly or recklessly causes physical injury to another." "Physical injury" means "impairment of physical condition or substantial pain." ORS 163.015(7). Here, defendant argues, the state does not dispute, and we agree that the evidence was legally insufficient to establish impairment of physical condition. The question is whether it was legally sufficient to establish substantial pain. For purposes of assault, "substantial pain" refers to both the degree and the duration of the victim's subjective experience of pain. *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001). The pain must be "considerable" or "ample," not "inconsequential," and it must be more than "fleeting." *Id.* (internal quotation marks omitted).

Defendant, an adult man, punched the victim in the face multiple times, with a closed fist, while angry. The exact number of punches is unknown, but the punching continued long enough for their mother to try to break it up and for the victim to call his younger brother who lives next door for help, and it eventually ended only after the victim succeeded in wrestling defendant down. The victim suffered visible swelling and bruising around his eyes, as well as a bloodshot eye, as shown in police photographs and described by the police officer who responded to the 9-1-1 call. At trial, the victim—an unwilling witness by his own admission—said "not really" when asked if he was in pain "after it ended," but such statements are not dispositive when the physical evidence allows a nonspeculative inference of substantial pain. *See State v. Guzman*, 276 Or App 208, 213, 366 P3d 816 (2016); *Miller*, 311 Or App at 682-83.

Viewed in the light most favorable to the state, the evidence was sufficient to go to the jury. Although it is a close case, on this specific record, a reasonable juror could reasonably infer that the victim experienced substantial pain within the meaning of fattar assault statute. *Compare Miller*, 311 Or App at 681-84 (affirming denial of MJOA because evidence was legally sufficient to prove "substantial pain"), *and Guzman*, 276 Or App at 215-16 (same), *with State v. Long*, 286 Or App 334, 342-43, 399 P3d 1063 (2017) (reversing denial of MJOA because evidence was legally insufficient to prove "substantial pain"), *Lewis*, 266 Or App at 529-30 (same), *and State v. Rennells*, 253 Or App 580, 586-87, 291 P3d 777 (2012) (same).

Having affirmed the denial of the MJOA, and thus affirmed defendant's conviction, we turn to the matter of defendant's sentence. In his second and third assignments of error, defendant—who was sentenced to probation—challenges two special conditions of probation imposed on him. One relates to submission to polygraph examinations, and the other relates to submission to searches. As to both conditions, defendant contends that the trial court included limiting language when announcing the conditions in open court, but then omitted that limiting language in the judgment.

As to the search condition, the state concedes that the trial court erred as claimed. That concession is well-taken, and we accept it. As for the polygraph condition, the state disputes that the condition in the judgment varies from the condition announced in open court. The phrasing that the court used in announcing sentence makes it difficult to discern with certainty what it intended. Because we are remanding for resentencing in any event, the trial court should clarify the polygraph condition on remand, and defendant will have the opportunity to object if he wants to challenge it.

Remanded for resentencing; otherwise affirmed.