Argued and submitted February 8, affirmed November 24, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KARL STEPHEN SANCHEZ,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR20055; A171255

501 P3d 1104

Defendant appeals a judgment convicting him of fourth-degree assault, ORS 163.160. He contends that the trial court erred when it denied his motion for judgment of acquittal (MJOA), because the evidence was insufficient to show that the victim, P, suffered "substantial pain." *Held*: Although P did not testify, the evidence—including testimony from multiple witnesses and photographs depicting significant, dark-colored bruising on P's face that was present for at least two and one-half weeks—was sufficient to support a reasonable inference that P suffered pain that was more than "inconsequential" and "fleeting"; therefore, the trial court did not err in denying defendant's MJOA.

Affirmed.

Sheryl Bachart, Judge.

Russell L. Baldwin argued the cause and filed the briefs for appellant.

Dashiell L. Farewell, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Affirmed.

Aoyagi, J., dissenting.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for one count of fourth-degree assault, ORS 163.160 (Count 2). He assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) on Count 2, arguing that the evidence was insufficient to prove that the victim, P, suffered "substantial pain." We conclude that the evidence was sufficient to support an inference from which a rational fact-finder could conclude that defendant's assault caused P to suffer substantial pain; therefore, we affirm.

We begin by "stating the facts in the light most favorable to the state." *State v. Miller*, 311 Or App 680, 681, 488 P3d 830 (2021) (internal quotation marks omitted). The victim in this case, P, was defendant's 86-year-old mother. P "suffered from dementia," "had Alzheimer's," and "had lost a lot of her language skills." P was unable to "do anything for herself" and "needed round-the-clock care." Defendant, who lived with P, acted as P's primary caregiver.

In addition to receiving care from defendant, P also received occasional in-home care from a Samaritan Home Health nurse, Kimball. At defendant's jury trial, Kimball testified that, on one particular occasion, she visited P at home to treat a pressure wound on P's heel. During that visit, Kimball saw that "[P] had a bruise covering * * * the entire right side of her face." Kimball asked defendant, "Wow. That's quite a bruise. What happened? Did [P] fall?" Defendant responded, "We had a mealtime incident and it was egregious, so [P] got bopped." Kimball "was very shocked" and, suspecting abuse, reported the incident to both Adult Protective Services (APS) and the Sheriff's office.

In response to Kimball's report, Lincoln County Sheriff's Deputy Davey went to investigate at P's house. There, Davey saw that P was "just sitting like slumped in the chair," "not moving, [or] interacting," and "was non-responsive." Davey testified that, when he asked defendant about the incident, defendant said he "bopped [P] to get her to eat." And in Davey's bodycam recording—which was played for the jury—defendant is heard to explain that he "gave [P] a little pop on the side of the head," using "a small open fist."

Though P was deceased at the time of defendant's trial and therefore did not testify, other witnesses corroborated that account of the incident. Schroeder, the APS investigator assigned to the case, testified that she "did ask [defendant] what happened, and he said that *** to get [P's] attention, he had to bop her." Similarly, Allen— the administrator for a local assisted living facility— testified that defendant had explained the incident to him: "[Defendant] had told me that—his word was slap. That he slapped his mother. And he stated she was spitting out food and milk, and he needed to discipline her" to "get her to behave."

The state's evidence also included several exhibits: photographs of P's injury that Schroeder and Davey took during their respective investigations. Davey's photographs, taken three days after the incident, showed dark-colored bruising on the right side of P's face, extending from her cheekbone down to her jawline. Schroeder's photos, taken four days after the incident, show the same bruising, but darker in color—almost black—and larger in area, covering most of P's right cheek, along with the right-hand portion of her mouth and chin. About two and a half weeks after those photographs were taken, Kimball visited P again and was "still able to see the injury to [P's] face."

After the state rested, defendant moved for judgment of acquittal, arguing that the state had failed to provide evidence sufficient to show P suffered "substantial pain." The trial court denied defendant's MJOA, explaining that although there was evidence that P "was in such a state [that she] would never be able to express pain," there was also evidence of defendant "slapping or striking or hitting [P] on the side of her face"; evidence and exhibits of "significant bruising on the right side of the alleged victim's face"; evidence that "[t]he bruise left was present for *** a substantial period of time"; and that, based on that evidence, "a reasonable inference is that [P] did, in fact, suffer [substantial] pain as a result of the contact that she had with the Defendant."

On appeal, defendant argues that he was entitled to a judgment of acquittal on Count 2, because the state's

"evidence was not sufficient for [a factfinder] to infer sub-stantial pain beyond a reasonable doubt." He asserts that "[t]he state offered no direct evidence" that P suffered sub-stantial pain, and "[a]t most, the state offered evidence of bruising occasioned by one slap during an isolated feeding period." In response, the state argues that the trial court did not err in denying defendant's MJOA, because the evidence was sufficient to "permit[] the jury to infer that [P] suffered substantial pain." As support for that inference, the state points to testimony that defendant struck P in the face; tes-timony about the resulting bruising on P's face; Davey's and Schroeder's photographs of P's facial bruising; and testi-mony that the "significant bruise" on P's face "persisted for at least two and a half weeks."

"We review the denial of an MJOA to determine whether, after viewing the facts and all reasonable infer-ences in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Colpo*, 305 Or App 690, 691, 472 P3d 277, *rev den*, 367 Or 290 (2020). In other words, "[w]e will reverse a trial court's denial of a motion for judg-ment of acquittal only where no rational trier of fact could find all of the elements of the crime beyond a reasonable doubt." *State v. Hopkins*, 305 Or App 425, 426, 469 P3d 238 (2020), *rev den*, 367 Or 559 (2021) (internal quotation marks omitted). Here, we must determine whether a rational trier of fact could find that defendant caused P "substantial pain," as that phrase is used in ORS 163.160.

As used in ORS 163.160, "[t]he phrase 'substantial pain' refers both to the degree and the duration of pain sub-jectively experienced by a victim." *State v. Long*, 286 Or App 334, 340, 399 P3d 1063 (2017) (citations and internal quota-tion marks omitted). With respect to degree, "'substantial pain' must be 'considerable' or 'ample' and cannot be 'incon-sequential.'" *Colpo*, 305 Or App at 694. And with respect to duration, "'substantial pain' cannot be 'fleeting' and must be more than 'momentary.'" *Id.*

Although "each case presenting a question of evi-dentiary sufficiency must necessarily turn on its own record," *State v. Borden*, 307 Or App 526, 532, 476 P3d 979

(2020), our case law addressing "substantial pain," to which we now turn, provides helpful context for our analysis. That case law has defined the limits of "substantial pain" "primarily by describing what 'substantial pain' is not." *State v. Guzman*, 276 Or App 208, 212, 366 P3d 816 (2016); *see also Long*, 286 Or App at 336, 342-43 (insufficient evidence of substantial pain where "slight swelling" on the victim's cheek and "several small scratches or bruises" were not visible the next day, and the victim "squarely den[ied] that she experienced any pain"); *State v. Lewis*, 266 Or App 523, 529-30, 337 P3d 199 (2014) (insufficient evidence of substantial pain where the victim, whose hair was pulled out by the defendant, did not testify that she felt pain, and there were no physical signs from which it could be inferred that she had suffered substantial pain); *State v. Rennells*, 253 Or App 580, 586-87, 291 P3d 777 (2012), *rev den*, 353 Or 410 (2013) (evidence insufficient to show substantial pain where the victim "experienced bruising on her legs that lasted several days," and when asked by the prosecutor whether it hurt when the defendant kicked her, the victim answered, "No, I was kicking him."). *But see State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991) (sufficient evidence of substantial pain where the victim's headache lasted approximately one hour after being hit on the head with an umbrella); *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 240-42, 730 P2d 1285 (1986) (sufficient evidence of substantial pain where the victim "endured more than momentary pain" when blow to victim's face caused "redness and swelling in the eye area" that lasted a day and a half, and "bruising occurred on the third day").

We have also observed that, "in many of our 'substantial pain' cases, the victim has not testified as to the duration or degree of the pain * * *; has provided neutral testimony; or has, in fact, provided direct evidence that the pain was not severe or prolonged." *Guzman*, 276 Or App at 213. In such cases, "the set of reasonable inferences that may be derived from the evidence is determinative as to whether the issue is submitted to the trier of fact." *Id.* The court's role, then, is to determine the "sometimes faint line between inferences that are reasonable and those that are too speculative." *Id.* (internal quotation marks omitted).

For example, in *Guzman*, the victim did not testify, yet we determined that, "despite the absence of the victim's testimony, there is evidence from which a rational juror could infer that the victim suffered substantial pain." *Id.* at 215-16 (evidence was sufficient to infer substantial pain where photographs showed "bright red scratches" on the victim's chin and cheeks and "facial swelling"; the victim stated to the 9-1-1 dispatcher that the "defendant 'push[ed]' her in the car and 'wouldn't let [her] go'"; and witness testimony verified the presence of red marks or scratches on the victim's face).

Similarly, in *Miller*, we concluded that there was evidence "sufficient to support a reasonable inference of substantial pain," despite the victim's neutral testimony that "she did not remember" how painful the blow to her face felt, stating "you forget, like, quickly" an injury involving "a momentary sort of pain." 311 Or App at 681, 684 (evidence was sufficient to infer substantial pain where photographs depicted "bruising around [the victim's] eyes and nose and a cut above her right eye"; a witness testified that the victim "told the grand jury that defendant 'punched' her between the eyes with closed fists, knocked her down, and punched her again causing bleeding"; and the victim's facial bruising "lasted for about a month").

Most recently, in *State v. Soto-Martinez*, 315 Or App 79, 81, 499 P3d 108 (2021), we concluded that the evidence was sufficient for "a reasonable juror [to] reasonably infer that the victim experienced substantial pain," despite the victim's testimony that he had "not really" experienced pain after the defendant had struck him in the face. *Id.* (evidence was sufficient to infer substantial pain where the "[d]efendant, an adult man, punched the victim in the face multiple times" using a "closed fist," and photographs of the victim showed "visible swelling and bruising around his eyes" and "a bloodshot eye").

Here, P did not (and could not) testify as to her experience of pain. Yet as our case law illustrates, the absence of victim testimony does not foreclose a finding of substantial pain where, as here, other evidence allows a nonspeculative inference of substantial pain. Thus, we conclude that, despite

the absence of P's testimony, the evidence in this case—viewed in the light most favorable to the state—supports a reasonable inference that P suffered substantial pain.

That evidence includes the testimony from multiple witnesses that defendant, an adult male, "popped," "bopped," "slapped," or otherwise struck P, an 86-year-old woman, in the side of her face with his "open fist." It also includes the testimony that P had bruising covering "the entire right side of her face"; the photographs from Davey and Schroeder, which—like the photographs in *Guzman*, *Miller*, *and Soto-Martinez*—depicted the victim's facial injury, including the "significant," dark-colored bruising covering most of P's right cheek and portions of her mouth and chin; and the testimony from P's Home Health nurse, Kimball, that P's facial injury was still present at least two and one-half weeks after defendant struck P in the face—much like the persistent bruising in *Miller*.

It is reasonable to infer from that evidence that when defendant's "open fist" collided with P's face—which resulted in "significant," dark-colored bruising to P's face, an injury still visible two and one-half weeks later—P thereby suffered pain that was more than inconsequential and fleeting. Put differently, we cannot say that, based on that evidence, no rational trier of fact could reasonably infer that P suffered substantial pain. Consequently, the trial court did not err in denying defendant's MJOA.

Affirmed.

**AOYAGI, J.,** dissenting.

When the propriety of sending a criminal charge to the jury turns on whether the evidence allows a reasonable inference of a fact necessary to find guilt, we must "determine—as a matter of law—where the sometimes faint line must be drawn between those inferences that are reasonable and those that are too speculative." *State v. Guzman*, 276 Or App 208, 213, 366 P3d 816 (2016) (internal quotation marks omitted). Ultimately, a charge should not go to the jury if a necessary finding depends on "guesswork" or "the stacking of inferences to the point of speculation." *State v. Bivins*, 191 Or App 460, 467-68, 83 P3d 379 (2004).

In this case, the only evidence relevant to the "substantial pain" issue is that defendant admitted to "bopping" his elderly mother, P, on the face, once, with a "small open fist," to get her attention while trying to feed her, and that P subsequently had a large bruise on the side of her face that remained visible for several weeks. There were no witnesses to the incident. There is no other evidence as to the nature of the strike. There is no evidence of P's reaction. The photographs in the record show a bruise that is large but not mottled or especially dark. Meanwhile, there is uncontested evidence from which it is reasonable to infer that P was more prone to bruising than the average person—she was 87 years old, was taking a blood thinner, had "papery" skin, and had poor nutrition that made her "prone to pressure wounds." As relevant to her subjective experience of pain, there is also evidence that P suffered from severe dementia and, in the time period immediately after the "bopping" incident, was "nonresponsive" to words and touch during visits by a police officer and an Adult Protective Services worker.

On this record, in my view, the state's evidence falls on the side of speculation, not reasonable inference, as to whether P suffered "substantial pain" in connection with the event that caused the bruise on her face. "[W]hen the victim does not provide direct evidence of his or her subjective experience of the degree and duration of the pain, as in this case, a trial court ruling on an MJOA must determine whether the evidence would permit a rational jury to reasonably infer that the victim suffered considerable pain and whether the duration of the pain was more than fleeting." *Guzman*, 276 Or App at 215. Jurors may rely on "ordinary experience" to draw reasonable inferences. *Fugate v. Safeway Stores, Inc.*, 135 Or App 168, 171, 897 P2d 328 (1995). There is a point, however, at which "the factfinder's common knowledge [cannot] bear the weight" that it would have to bear to support a conviction. *State v. Hedgpeth*, 290 Or App 399, 405, 415 P3d 1080 (2018), *aff'd*, 365 Or 724, 452 P3d 948 (2019). I view this as such a case. Accordingly, I would conclude that it was error to deny defendant's motion for judgment of acquittal on the fourth-degree assault charge.

Each of the cases cited by the majority in which we have held evidence legally sufficient to establish "substantial

pain" involved significant facts not present here, such as evidence of repeated blows, multiple injuries, the victim's reaction, or the victim's express assertion of pain. *See State v. Soto-Martinez*, 315 Or App 79, 80, 499 P3d 108 (2021) (evidence sufficient to infer substantial pain, where the defendant repeatedly punched his brother in the face with closed fists while angry, causing swelling and bruising around both eyes and a bloodshot eye, and prompting the victim to call out for help and a 9-1-1 call); *State v. Miller*, 311 Or App 680, 681-82, 488 P3d 830 (2021) (victim was punched between the eyes with closed fists, knocked down, and punched again, causing two black eyes that lasted a month and a facial laceration that bled); *Guzman*, 276 Or App at 209-10 (victim was panicked and crying hysterically and had scratches and welts on her face and arms; some swelling on both cheeks, around her eyes, and on the left side of her forehead; and more pronounced swelling on the right side of her forehead); *State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991) (victim experienced "headache or pain" for an hour after being struck on the head with an umbrella); *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 240-42, 730 P2d 1285 (1986) (victim testified that it hurt when she was struck in the face with a relish container, and she experienced redness, swelling, and bruising).

I am aware of no prior case in which we have held a single strike and a resulting bruise to be legally sufficient evidence, on its own, to establish "substantial pain" for purposes of the "physical injury" element of fourth-degree assault. The size and duration of P's bruise might allow an inference of *some* pain but does not, on its own, allow an inference of "substantial pain." *Cf. State v. Lewis*, 266 Or App 523, 529-30, 337 P3d 199 (2014) ("Based on the evidence in this case, even if a trier of fact could infer that the hair-pulling caused the victim *some* pain, there is no evidence in the record that the degree or duration of the pain was sufficient to constitute 'substantial pain'—that is, there is no other evidence of the degree of the pain or that it was anything more than a fleeting sensation." (Emphasis in original; internal quotation marks and alterations omitted.)); *State v. Rennells*, 253 Or App 580, 586, 291 P3d 777 (2012), *rev den*, 353 Or 410 (2013) ("[A]lthough the evidence—a

bruise lasting several days—may be sufficient to infer that the victim suffered *some* pain as a consequence of the kicking incident, it is not sufficient to infer that she suffered *substantial* pain." (Emphasis in original.)).

 I respectfully dissent.