108 July 23, 2025 No. 654

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID MARKEIZES JORDAN,
aka David M Jordan,
*Defendant-Appellant.*

Washington County Circuit Court
23CR37904; A182591

Oscar Garcia, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from a judgment of conviction for one count of fourth-degree assault constituting domestic violence, ORS 163.160(2) (Count 1); one count of harassment, ORS 166.065(3) (Count 2); and one count of second-degree criminal mischief, ORS 164.354 (Count 8).[1] In his first assignment of error, defendant challenges the trial court's denial of his motion for judgment of acquittal (MJOA) on Count 1, arguing that the evidence of "physical injury" was insufficient to go to the jury. In his second through fifth assignment of error, defendant challenges various conditions of his probation. We affirm.

*Motion for Judgment of Acquittal.* "On review of the denial of an MJOA, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Soto-Martinez*, 315 Or App 79, 80, 499 P3d 108 (2021), *rev den*, 369 Or 211 (2022) (internal quotation marks omitted).

Under ORS 163.160(1)(a), a person commits fourth-degree assault when they "[i]ntentionally, knowingly, or recklessly cause[] physical injury to another." "Physical injury" is defined as "impairment of physical condition or substantial pain." ORS 161.015(7). "Substantial pain," in turn, "encompasses both the degree and duration of pain suffered by the victim." *State v. Guzman*, 276 Or App 208, 212, 366 P3d 816 (2016) (internal quotation marks omitted). That is, "evidence establishing substantial pain must meet both a degree or intensity threshold as well as a durational threshold." *State v. Colpo*, 305 Or App 690, 693, 472 P3d 277, *rev den*, 367 Or 290 (2020). To meet the degree or intensity threshold, the pain "must be considerable or ample and cannot be inconsequential." *Id.* at 694 (internal quotation marks omitted). And to satisfy the durational threshold, the pain "cannot be fleeting and must be more than momentary." *Id.* (internal quotation marks omitted).

---

[1] Defendant was acquitted of three counts of menacing, as well as an additional count of fourth-degree assault and an additional count of harassment.

The reasonable inferences that may be drawn from the evidence in any case depend on what the evidence was. *Guzman*, 276 Or App at 212. And, in cases concerning "substantial pain" in which the victim has not testified, provided neutral testimony, or testified that the pain was not severe or prolonged, "the set of reasonable inferences that may be derived from the evidence is determinative as to whether the issue is submitted to the trier of fact." *Id.* at 213. "The court's role is to determine—as a matter of law—where the sometimes faint line must be drawn between those inferences that are reasonable and those that are too speculative." *Id.* (internal quotation marks omitted).

Having reviewed the record in this case, we conclude that there was sufficient evidence that the victim's pain was both severe and lasting to submit the question of whether defendant caused the victim "substantial pain," and ultimately "physical injury," to the jury.

*Conditions of Probation.* The state contends that defendant's claims regarding the conditions of his probation are moot. "A case becomes moot 'when a court's decision will no longer have a practical effect on the rights of the parties.'" *State v. Lomack*, 307 Or App 596, 598, 477 P3d 1222 (2020) (quoting *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018)).

After defendant filed his opening brief in this appeal, the trial court entered a judgment revoking defendant's probation. Defendant has not appealed that judgment, which effectively eliminates any direct consequences of those conditions on him in the future, nor has he asserted any collateral consequences of the probation conditions that would prevent his challenges to them from now being moot. Accordingly, we conclude that defendant's second through fifth assignments of error are moot, and we, therefore, do not address them. *See Lomack*, 307 Or App at 598-600 (concluding that the defendant's challenge to a probation condition was moot where his probation was revoked while his appeal was pending, he did not appeal the probation revocation judgment and thus could not "obtain any relief from the *direct* consequence of the imposition of that probation condition: the revocation of his probation for violating it," and the collateral consequences he asserted were insufficient to

establish that the judgment had a continuing, nonspecula-tive practical effect on him (emphasis in original)).

Affirmed.