Submitted February 19, affirmed June 18, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON DAREL GEORGE,
*Defendant-Appellant.*

Klamath County Circuit Court
1200168CR; A151164

330 P3d 1239

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

DEVORE, J.

## DEVORE, J.

Defendant appeals a judgment of conviction for fleeing or attempting to elude a police officer, ORS 811.540(1).[1] Defendant assigns error to the trial court's denial of his motion for a judgment of acquittal. He denies violating ORS 811.540(1)(b)(A), contending that he did not attempt to "flee" from or "elude" an officer. We review challenges to the sufficiency of evidence to determine whether, viewing the evidence in the light most favorable to the state, a rational factfinder could find the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We review questions of statutory construction for legal error. *State v. Walker*, 192 Or App 535, 538, 86 P3d 690, *rev den*, 337 Or 327 (2004). We affirm.

The relevant facts are undisputed. Two Klamath Falls police officers, Snyder and Gordon, suspected that defendant was speeding, and they followed him. Defendant turned left without signaling and made his way to the next intersection where he failed to stop at a stop sign. He swerved left to pass another vehicle. Snyder activated his overhead lights to signal defendant to stop, but defendant continued driving. He made two right turns, rolled through a stop sign, and finally pulled into a residential driveway to park in a lot behind his house. In total, he drove approximately two and a half blocks after being signaled to stop. Defendant got out of his pickup truck and stood outside. He refused to comply with Snyder's request that he get back

---

[1] ORS 811.540 provides:

"(1) A person commits the crime of fleeing or attempting to elude a police officer if:

"(a) The person is operating a motor vehicle; and

"(b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and * * *

"(A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or

"(B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer."

in. He appeared agitated with bloodshot, watery eyes, and his speech was "a little bit" slurred. Defendant admitted to Snyder that his license was suspended. He explained that he had driven to his house, rather than stopping, because he did not want his truck to be impounded. Defendant was transported to the Klamath County Jail for a breath test, and the test revealed that defendant's blood-alcohol content (BAC) was .09 percent. Defendant was charged with DUII, driving while suspended, and attempting to elude a police officer.[2]

At defendant's bench trial, defendant argued that the state did not present sufficient evidence that he had attempted to elude a police officer. He asserted that attempting to elude a police officer "requires more than simply driving away from the police. It requires some evasive maneuver on the part of the defendant." Defendant framed the issue before the trial court as whether "traveling 250 yards to get his vehicle into his own parking spot at his house" was an attempt to elude a police officer. The trial court denied defendant's motion, reasoning that defendant consciously decided not to stop, despite knowing that the officer was behind him signaling to stop. The trial court acknowledged that defendant did not intend to "escape" from the police. Defendant was convicted on all charged counts.

On appeal, defendant reiterates that there was insufficient evidence to support his conviction for fleeing or attempting to elude a police officer because the state failed to prove that he drove evasively. Defendant contends that ORS 811.540 requires evidence of "evasive driving" and asserts that legislative history supports his understanding of the statute. Defendant suggests that the evidence was insufficient to convict him, because he did not engage in the type of conduct that the legislature intended to criminalize in the statute. The state responds that ORS 811.540 does not require evasive driving and that there was sufficient evidence supporting defendant's conviction.

---

[2] Fleeing or attempting to elude an officer is a Class C felony, if the commission of the offense occurs while an individual remains in a vehicle. ORS 811.540(3)(a).

When we construe a statute, we consider its text and context, in addition to relevant legislative history, to discern legislative intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Where a statutory term is undefined within the statute, we look to its plain, natural, and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning."). This court has previously construed the meaning of "flee" and "elude" in the context of ORS 811.540(1)(b)(B), a related misdemeanor crime involving fleeing or attempting to elude a police officer on foot. *See State v. Cave*, 223 Or App 60, 67, 195 P3d 446 (2008), *rev den*, 345 Or 690 (2009). In *Cave*, we explained:

> "The terms 'flee' and 'elude' are not statutorily defined. Accordingly, we presume that the legislature intended those terms to have their ordinary meanings. The verb 'flee,' when used transitively, means 'to run away from : endeavor to avoid * * * or escape from' or 'to leave abruptly : depart from suddenly or unexpectedly.' The transitive verb 'elude' means 'to escape the notice or perception of.' * * * Nothing in the wording of the statute suggests that the legislature intended the term to mean something other than that."

*Id.* at 67-68 (quoting *Webster's Third New Int'l Dictionary* 868; 738 (unabridged ed 2002)) (internal citations omitted). Because ORS 811.540(1)(b)(A) and ORS 811.540(1)(b)(B) are parallel, we assume that the legislature intended to effect the same meaning in both sections. *See Tharp v. PSRB*, 338 Or 413, 422, 110 P3d 103 (2005) (citing *PGE*, 317 Or at 611) ("When the legislature uses the identical phrase in related statutory provisions that were enacted as * * * part of the same law, we interpret the phrase to have the same meaning in both sections.").

Given the plain meaning of "flee," ORS 811.540 does not require evidence of evasive driving. As we explained in *Cave*, the term "to flee" carries the plain meaning "to run away from." 223 Or App at 67. Nor does the legislative history of ORS 811.540 demonstrate that the legislature intended to require that a defendant flee for a particular length of time or travel a particular distance before the *actus reus*

is complete. The offense is complete when, given a signal to stop, an individual knowingly continues and avoids compliance with a pursuing officer.[3] *See State v. Reed*, 256 Or App 61, 69, 299 P3d 574, *rev den*, 353 Or 868 (2013) (observing that "the focus of an attempt to elude is the defendant's conduct").

The evidence was sufficient for a rational factfinder to find that defendant knowingly fled from the pursuing officers. Defendant decided that he did not want to pull over when the officers signaled, and, rather than stopping, pressed onward with the officers following behind. It is no defense to say that defendant did not intend to succeed in "getting away" in the long-term, or that he only wished to avoid impoundment of his truck. The statute was violated when defendant failed to stop and continued to drive for some blocks. Public safety and compliance with ORS 811.540 do not permit delay when signaled to stop.

Affirmed.

---

[3] A defendant may, of course, have an applicable defense. *See, e.g.,* ORS 811.540(2) (providing an affirmative defense when an individual lawfully proceeds to a place reasonably believed to be necessary to reach after being signaled to stop by an officer in an unmarked police vehicle).