Submitted March 23, affirmed April 20, petition for review denied
September 16, 2022 (370 Or 214)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT BENBEAR NEWKIRK,
*Defendant-Appellant.*

Marion County Circuit Court
20CR00927; A174096

509 P3d 757

Defendant appeals a judgment of conviction for one count of attempted assault in the first degree, ORS 163.185 and ORS 161.405 (Count 1), and one count of criminal mischief in the second degree, ORS 164.354 (Count 2). The court imposed an upward departure sentence of 90 months' incarceration on Count 1, finding that the state had proved four sentencing enhancement factors. Defendant assigns error to the trial court's denial of a motion for judgment of acquittal on Count 1, contending that the evidence is insufficient to support a finding that defendant intended to cause serious physical injury. He also assigns error to the trial court's reliance on enhancement factors that were not approved by a grand jury or through a preliminary hearing, contending that the Due Process Clause of the Fourteenth Amendment to the United States Constitution incorporates the Grand Jury Clause of the Fifth Amendment to the United States Constitution against the states. *Held*: The trial court properly denied the motion for judgment of acquittal because the evidence sufficiently supported the inference that defendant intended to cause serious physical injury. Additionally, the Court of Appeals was bound by *Hurtado v. California*, 110 US 516, 537-38, 4 S Ct 111, 28 L Ed 2d 232 (1884), which rejected the notion that a grand jury process is one encompassed within the Fourteenth Amendment's requirement of due process. Accordingly, the trial court did not err by relying on enhancement factors that were not approved by a grand jury or through a preliminary hearing.

Affirmed.

J. Channing Bennett, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-Decoursey, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

## LAGESEN, C. J.

Defendant appeals a judgment of conviction for one count of attempted assault in the first degree, ORS 163.185 and ORS 161.405 (Count 1), and one count of criminal mischief in the second degree, ORS 164.354 (Count 2). The court imposed an upward departure sentence of 90 months' incarceration on Count 1, finding that the state had proved four sentencing enhancement factors. Defendant assigns error to the trial court's denial of a motion for judgment of acquittal on Count 1, contending that the evidence is insufficient to support a finding that defendant "intended to cause the victim protracted disfigurement or death." He also assigns error to the trial court's reliance on enhancement factors that were not approved by a grand jury or through a preliminary hearing, contending that the Due Process Clause of the Fourteenth Amendment to the United States Constitution incorporates the Grand Jury Clause of the Fifth Amendment to the United States Constitution against the states, thereby requiring a state to charge sentencing enhancement factors through the use of a grand jury or preliminary hearing. We affirm.

Starting with defendant's motion for judgment of acquittal, we review for legal error the trial court's denial of the motion, viewing the facts and the reasonable inferences that can be drawn from the facts in the light most favorable to the state. *State v. Yerton*, 317 Or App 538, 539, 505 P3d 428 (2022). In this instance, defendant contends that there is insufficient evidence to support a finding that he intended to cause the victim "serious physical injury," that is, an injury that causes "a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8) (defining "serious physical injury;"); ORS 163.185(1)(a) (defining relevant elements of first-degree assault).

We disagree. The record contains evidence that defendant went after the victim with a screwdriver with a seven-inch-long shank and head, swinging it at her with a downward chopping motion. The victim lurched backward, into the wall behind her; had she not been able to do so, she

would have been hit by the screwdriver. That evidence of the circumstances of defendant's attempted attack on the victim would allow for the inference that his intent was to cause her serious physical injury within the meaning of the statutes.

Turning to defendant's sentencing argument, defendant's contention is that the Due Process Clause of the Fourteenth Amendment[1] incorporates the Grand Jury Clause of the Fifth Amendment[2] making it applicable to the states and requiring that sentencing enhancement factors be charged by a grand jury or through a preliminary hearing. Whether the federal constitution so requires presents a question of law, making our review for legal error. *State v. Worth*, 300 Or App 138, 143, 452 P3d 1041 (2019), *rev den*, 366 Or 451 (2020).

In this instance, that question of law is resolved by controlling precedent of the United States Supreme Court. *See State v. Reinke*, 354 Or 98, 103-04, 309 P3d 1059 (2013) (discussing the evolution of the issue). In *Hurtado v. California*, 110 US 516, 537-38, 4 S Ct 111, 28 L Ed 2d 232 (1884), the Supreme Court rejected the notion that a grand jury process is one encompassed within the Fourteenth Amendment's requirement of due process. The Court explained that

> "any legal proceeding enforced by public authority, whether sanctioned by age and custom, or newly devised in the discretion of the legislative power, in furtherance of the general public good, which regards and preserves these principles of liberty and justice, must be held to be due process of law."

*Id*. at 537.

In reaching that conclusion, the Court looked to, among other sources, the constitution of Connecticut, "adopted in 1818 and in force when the Fourteenth Amendment took effect." *Id*. Connecticut's constitution had its own

---

[1] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]" US Const, Amend XIV.

[2] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury[.]" US Const, Amend V.

provision requiring due process, but, at the same time, it did not require a grand jury in all instances. Instead, the Connecticut constitution "require[d] an indictment or presentment of a grand jury only in cases where the punishment of the crime charged is death or imprisonment for life." *Id*. From that aspect of state constitutional structure—that the right to due process coexisted with a very limited right to a grand jury—the court reasoned that the Fourteenth Amendment right to due process was not intended to encompass the broad right to a grand jury included in the Fifth Amendment. *Id*. at 536-38.

Defendant acknowledges *Hurtado* and the obstacle it presents. He argues, nonetheless, that in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), *Timbs v. Indiana*, 586 US ___, 139 S Ct 682, 203 L Ed 2d 11 (2019), and *McDonald v. Chicago*, 561 US 742, 130 S Ct 3020, 177 L Ed 2d 894 (2010), the Supreme Court abandoned the approach to incorporation that it had taken in *Hurtado*, meaning that "*Hurtado* can no longer be relied on as authority." It is not clear to us that the Court's approach to incorporation in the more recent cases is as fully at odds with the approach in *Hurtado* as defendant argues it to be. But assuming it is, that does not mean that we, an intermediate appellate court, have the power to pursue a different legal path. The Supreme Court itself has never overruled *Hurtado*. As the state points out, the Supreme Court has explained that, when one of its cases directly controls on a question of law, lower courts must "follow the case which directly controls," even if the case "appears to rest on reasons rejected in some other line of decisions." *Agostini v. Felton*, 521 US 203, 237, 117 S Ct 1997, 138 L Ed 2d 391 (1997). If *Hurtado*'s construction of the Fourteenth Amendment no longer governs, the Supreme Court, not our court, must be the one to say so.

Affirmed.