***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted November 21, affirmed December 29, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NORMAN DAVID WICKS, JR.,
*Defendant-Appellant.*

Columbia County Circuit Court
19CR77630, 19CR78114, 20CR00150;
A174437 (Control), A174438, A174439

Ted E. Grove, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for one count of menacing, ORS 163.190, and one count of stalking, ORS 163.732. He assigns error to the trial court's denial of his motion for judgment of acquittal on both counts. On appeal, defendant renews his argument as to the menacing charge, contending that the state did not meet its burden to prove all required elements. As to the charge of stalking, defendant contends that the state did not provide sufficient proof to meet the heightened standard for purely communicative contacts provided in *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999). In the event that we find that argument unpreserved, he asks us to review for plain error. We affirm.

We review the trial court's denial of each motion for judgment of acquittal for legal error, viewing the facts and the reasonable inferences that can be drawn from the facts in the light most favorable to the state. *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022).

Regarding the conviction for menacing, defendant contends that it was based on "vague or empty" threats that are, in his view, legally insufficient to satisfy ORS 163.190(1), which provides that "[a] person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." In particular, he argues that the evidence is insufficient to permit the inference that he was creating an imminent threat of serious injury. He suggests further that, on this record, it would violate his constitutional right to free expression, protected under Article I, section 8, of the Oregon Constitution, to hold him criminally liable. The state counters that the charge was based on defendant's words *and* conduct together and that that evidence is enough for a reasonable factfinder to conclude that all the elements of menacing were met beyond a reasonable doubt.

We agree with the state. Defendant's conduct was captured on video and included driving aggressively near the victim while shouting threats at her. That video evidence, which was admitted at defendant's trial, is legally sufficient to allow a reasonable factfinder to find that defendant, by word or conduct, "intentionally attempt[ed] to place

another person in fear of imminent serious physical injury." ORS 163.190(1); *cf. State v. Payne*, 298 Or App 411, 428, 447 P3d 515 (2019) (concluding that if multiple aspects of a defendant's conduct can support a menacing charge, that charge will be upheld so long as "he intended thereby to attempt to place [the victim] in fear"). Because the evidence is sufficient to satisfy all elements of menacing, defendant's constitutional right to free speech was not violated by the application of the statute to his conduct. *See State v. Garcias*, 296 Or 688, 698, 679 P2d 1354 (1984).

Regarding the conviction for stalking, defendant argues that the evidence was insufficient to meet the heightened standard set out in *Rangel* for contacts involving expression. Having reviewed the record, we conclude that defendant's *Rangel* challenge is not preserved, and that it is not plain that the evidence, as a whole, fails to satisfy that standard. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Affirmed.