***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 27, affirmed June 14, petition for review denied October 19, 2023 (371 Or 509)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LYLE MARK MOORE,
*Defendant-Appellant.*

Lane County Circuit Court
21CR30394; A177090

Charles M. Zennaché, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for felony fourth-degree assault constituting domestic violence, the resulting departure sentence, and the imposition of fines. On appeal, he raises four assignments of error. For the reasons below, we affirm.

Defendant's first assignment of error argues that the trial court erred when it failed to instruct the jury on the correct mental state for the injury element of the offense. *See State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022). Defendant admits that the error is unpreserved but asks us to review for plain error. *See State v. McKinney/Shiffer*, 369 Or 325, 333-34, 505 P3d 946 (2022).

An error is plain when it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). We agree that under *Owen* the error is plain. However, we decline to exercise our discretion to correct the error because neither the ends of justice nor the gravity of the error warrants correction. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (holding that even when an error is plain, the court must determine whether to exercise discretion to correct it).

Instructing the jury that defendant must have acted with criminal negligence as to the risk that his conduct would cause injury would not have impacted the verdict. Criminal negligence requires that a defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that "the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

At trial, the victim testified that defendant "slapped my face to where there was a mark right here on my left side of my lip on my bottom lower lip." By his own admission to law enforcement officers, evidence of which was admitted at trial, defendant "smacked [the victim] a couple of times" so that she would let go of his throat. In those circumstances, which involved defendant intentionally hitting the victim in

the face with the stated intent to make her let go of him, and so hard that it left a mark, it is highly unlikely that the jury would have reached a different result, even with a correct instruction on the mental state for injury. Thus, defendant has not established a basis for us to exercise our discretion to correct the plain error.

In his second assignment of error, defendant asserts that the evidence was insufficient to establish that supervision failed to deter him from committing further offenses and that the trial court based its finding on impermissible speculation. We disagree. The record contained evidence that defendant had a lengthy criminal history dating back to 2005, that he was on supervision for similar offenses, and that one of the imposed conditions required him to "obey all laws." From that evidence, it was permissible for the trial court to infer the existence of the departure factor. *See State v. Lennon*, 348 Or 148, 157, 229 P3d 589 (2010).

In defendant's third assignment of error, he raises two related arguments about the trial court's imposition of fines in his case. He first argues that the court erred in imposing fines on the mistaken belief that it was mandatory. He also argues that the trial court erred when it imposed fines without considering defendant's ability to pay. Defendant admits that his arguments are unpreserved but asks for plain-error review.

Plain-error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Vanornum*, 354 Or at 629. If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes*, 312 Or at 382. When imposing judgment, the trial court stated in relevant part, "I'll impose the statutory minimum set fines of $200 on each of the felonies, $100 on each of the misdemeanors. I won't require any contribution to court-appointed attorney fees." There is no obvious undisputed error in the court's ruling. Contrary to defendant's argument, the trial court's use of the phrase "set fines" does

not conclusively demonstrate that it believed imposition of the fines was mandatory. Accordingly, any error is not plain.

As to defendant's second argument, he also admits that under *State v. Wheeler*, 268 Or App 729, 732, 344 P3d 57 (2015), plain-error review is not available for a claim that a trial court failed to consider a defendant's ability to pay. However, he asks us to overturn *Wheeler* and subsequent cases as plainly wrong. *See State v. Civil*, 283 Or App 395, 416, 388 P3d 1185 (2017) (explaining standards for establishing that prior case law was plainly wrong and should be overturned). We are unpersuaded by defendant's arguments that *Wheeler* was wrong, let alone "plainly wrong" under *Civil*. Accordingly, we do not reach defendant's third assignment of error.

In his fourth assignment of error, defendant asserts that the trial court erred when it denied his motion to prohibit a trial on enhancement factors that were not submitted to the grand jury. He argues that prior cases which allowed the state to proceed to trial on enhancement factors that were not submitted to a grand jury are no longer good law, in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1398, 206 L Ed 2d 583 (2020), and its rejection of the concept of selective incorporation of the Fourteenth Amendment. We previously rejected that argument in *State v. Newkirk*, 319 Or App 131, 134, 509 P3d 757 (2022), and we decline defendant's invitation to revisit it here.

Affirmed.