No. 595 November 15, 2023 183

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS GERARDO NAJAR,
*Defendant-Appellant.*

Polk County Circuit Court
20CR46465; A176485

Monte S. Campbell, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction, following a jury trial, for one count of fourth-degree assault, ORS 163.160. He assigns error to the court's denial of his motion for a judgment of acquittal (MJOA) on that count, maintaining that the evidence was insufficient to prove the physical-injury element for the purpose of his conviction.[1] After reviewing the record, we conclude that the evidence was not insufficient as defendant claims, and we affirm the trial court's judgment.

We review the denial of an MJOA for legal error. *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022). In doing so, we "view[] the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Long*, 286 Or App 334, 340, 399 P3d 1063 (2017) (internal quotation marks omitted).

Defendant's conviction for fourth-degree assault, ORS 163.160,[2] arose from his conduct during one of five alleged incidents involving H,[3] with whom defendant was romantically involved. The incident relevant to this appeal occurred on the back patio outside of H's friend's house. At defendant's trial, H and three other witnesses testified about that incident, and the state introduced photographs that H took of herself showing several bruises on her arms, shoulder, and back area. H testified that defendant "strangled" her and that she "couldn't breathe," that defendant then "picked [her] up" and "threw" her on the "concrete ground," and that she did not immediately experience any injuries "that you can see" after she hit the concrete but that "it hurt" for "a day or two." H further testified that she did not know when she took

---

[1] Defendant also assigns error to the court entering a domestic violence designation in the judgment despite the nonunanimous jury verdict on that question. The trial court has since amended the judgment to remove that designation, so we need not reach that issue.

[2] ORS 163.160(1)(a) provides that a person who "[i]ntentionally, knowingly or recklessly causes physical injury to another" commits fourth-degree assault.

[3] The state charged defendant with several counts relating to the five incidents. The other counts were either dismissed on defendant's MJOA or the jury acquitted defendant.

the photographs in relation to the five incidents but stated that defendant "gave [her] the bruises" and that she did not get all the bruises at the same time. The capture date of the photographs indicated that they were taken about 10 days after the incident at issue. The other witnesses corroborated H's testimony about defendant's conduct, two of whom also testified that they saw bruises on H "from th[at] incident," including one who saw a bruise on H's arm.

At the end of the state's case, defendant moved for an MJOA, contending that "[t]here was no evidence of injury." The court denied defendant's MJOA, and the jury ultimately found defendant guilty of fourth-degree assault.

On appeal, defendant assigns error to the denial of his MJOA, maintaining that the evidence was insufficient to establish that he physically injured H. He argues that the evidence did not establish that his conduct during that specific incident caused H's bruises, as depicted in the photographs, or caused H either an "impairment of physical condition" or "substantial pain." *See* ORS 161.015(7) (defining physical injury).

We begin with defendant's first argument about H's bruising. Although H was unable to specifically identify which bruise was from which incident, the evidence indicates that only two of the five incidents alleged could have resulted in physical injury to H, including the incident at issue. Moreover, witnesses testified that they saw bruises on H "from th[at] incident," and H testified that she did not get all bruises at the same time and that defendant "gave [her] the bruises" in the photographs, which H took only 10 days after that incident. Viewed in the light most favorable to the state, that evidence is sufficient for a factfinder to make a reasonable—rather than a speculative—inference that, if not all, at least some of H's bruising arose from defendant's conduct at issue. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379, 383 (2004) (reasonable inferences drawn from circumstantial evidence are permissible, as long as they are not speculative).

We turn to defendant's second argument challenging the sufficiency of the evidence to establish physical

injury. Physical injury is defined as "impairment of physical condition or substantial pain." ORS 161.015(7). To prove substantial pain, the evidence must be sufficient to permit a rational jury to reasonably infer that the victim's degree of pain was considerable and the duration of the pain was "ample" rather than "fleeting." *State v. Poole*, 175 Or App 258, 261, 28 P3d 643 (2001); *see also State v. Guzman*, 276 Or App 208, 213, 366 P3d 816 (2016) (in the absence of direct evidence of the degree of pain, a court must determine whether the evidence supports "[r]easonable inferences from circumstantial evidence").

Here, defendant concedes that H's pain was "of substantial duration"—one to two days—but argues that the evidence is insufficient to support a finding that her pain was also "substantial in degree." We disagree. H's testimony that "it hurt" after defendant strangled and "threw" her on the "concrete ground,"[4] along with witnesses' testimony that H was bruised "from th[at] incident," the pictures of the bruises, and the fact that the bruises lasted at least 10 days, was sufficient for a jury to make the reasonable inference that H's pain was ample rather than fleeting. *See Guzman*, 276 Or App at 215-16 (evidence that the defendant "push[ed]" the victim in a car and wouldn't let her go, along with photographs showing "bright red scratches" on the victim's chin and cheeks and "facial swelling," and testimony verifying the presence of the red marks or scratches, was sufficient to infer substantial pain); *see also State v. Soto-Martinez*, 315 Or App 79, 81, 499 P3d 108 (2021), *rev den*, 369 Or 211 (2022) (evidence that the defendant "punched" the victim's face using a "closed fist" and photographs showing "visible swelling and bruising" around the victim's eyes and "a bloodshot eye" was sufficient to infer substantial pain, despite the victim's testimony that he experienced no pain).[5]

---

[4] Although the jury acquitted defendant for the strangulation charge related to that incident, we nonetheless view the evidence in the record as a whole in the light most favorable to the state.

[5] *Cf. State v. Wright*, 253 Or App 401, 405-06, n 3, 290 P3d 824 (2012) (photographic evidence of bruising was insufficient to establish substantial pain where there was no evidence that the victim felt pain); *cf. State v. Rennells*, 253 Or App 580, 586, 291 P3d 777 (2012), *rev den*, 353 Or 410 (2013) (evidence of bruises was insufficient to establish substantial pain where the victim did not testify to having experienced pain but rather testified that it did not hurt).

Accordingly, the evidence here was sufficient to support a rational factfinder's finding that defendant's conduct during the incident caused H substantial pain. That conclusion obviates the need to address defendant's argument that the evidence was insufficient to establish that his conduct impaired H's physical condition. The trial court, therefore, did not err in denying defendant's MJOA.

Affirmed.