No. 621 November 29, 2023 317

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ETHAN M. MASON,
aka Ethan Michael Mason,
*Defendant-Appellant.*
Coos County Circuit Court
21CR30505, 21CR42243;
A177554 (Control), A177555

Andrew E. Combs, Judge. (Judgment entered November 15, 2021)

Martin E. Stone, Judge. (Supplemental Judgment entered January 11, 2022)

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Following a bench trial, defendant was convicted in 21CR30505 of fleeing or attempting to elude a police officer, ORS 811.540. In defendant's only assignment of error, he alleges that the trial court erred by failing to enter a judgment of acquittal. Defendant does not assign error to the judgment in 21CR42243. We affirm both judgments.

A judgment of acquittal is appropriate if the evidence is insufficient to support a verdict. *State v. Cunningham*, 320 Or 47, 61-62, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995); *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022). We review questions of the sufficiency of the evidence in a criminal case following a conviction by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *Cunningham*, 320 Or at 63. It is not our role to determine whether we believe that a defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for the factfinder to so find. *Id*.

Defendant argues that the state failed to prove that he "knowingly" fled or attempted to elude a police officer. Defendant argues that there was no evidence that he was aware the officer signaled for him to stop or that he knowingly fled or attempted to elude the officer. The state argues that the evidence, viewed in the light most favorable to the state, permitted a rational trier of fact to find that defendant knowingly fled or attempted to elude a police officer.

The offense of fleeing or attempting to elude a police officer, under ORS 811.540, is complete when, "given a signal to stop, an individual *knowingly* continues and avoids compliance with a pursuing officer." *State v. George*, 263 Or App 642, 646, 330 P3d 1239 (2014) (emphasis added). A person acts "knowingly" if the person "acts with an awareness that the conduct of the person is of a nature so described." ORS 161.085(8). A person "act[s] with awareness" when they are, "engaging in a course of conduct that amounts to an attempt to elude police[,]" regardless of their "conscious objective."

*State v. Rapp*, 306 Or App 265, 276, 473 P3d 1126, *rev den*, 367 Or 291 (2020).

Defendant had committed multiple traffic violations and was driving at a speed more than double the posted speed limit at the time that he passed the officer. The officer turned on his emergency lights prior to defendant passing him, and there were no other vehicles nearby. Defendant acknowledged his high speed and explained to the officer that he had to get home so that his truck engine would not fail.

Here, viewing the evidence in the light most favorable to the state, a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found beyond a reasonable doubt that defendant did flee or attempt to elude a police officer. Our decision does not depend on whether we believe that defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for the factfinder to so find. *Cunningham*, 320 Or at 63. The Supreme Court has rejected the argument that circumstantial evidence may never be sufficient to convict. *Id.* Here, the evidence is sufficient.

Affirmed.