No. 439　　　　　June 26, 2024　　　　　487

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS GERARDO NAJAR,
*Defendant-Appellant.*

Polk County Circuit Court
20CR46465; A176485

Monte S. Campbell, Judge.

On appellant's petition for reconsideration filed December 19, 2023. Nonprecedential opinion filed November 15, 2023. 329 Or App 183.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**ORTEGA, P. J.**

Defendant has petitioned for reconsideration of our opinion in this case, 329 Or App 183 (2023) (nonprecedential memorandum opinion), asserting that the opinion contains a factual error. For clarification, we revise the opinion as follows.

The original opinion, on page 185, contains this sentence:

"The capture date of the photographs indicated that they were taken about 10 days after the incident at issue."

That sentence is revised to read as follows:

"H took the photos on May 25, 2020, about eleven days after the date on which the state alleged that the incident occurred."

The original opinion, on page 185, contains this sentence:

"Moreover, witnesses testified that they saw bruises on H 'from th[at] incident,' and H testified that she did not get all bruises at the same time and that defendant 'gave [her] the bruises' in the photographs, which H took only 10 days after that incident."

That sentence is revised to read as follows:

"Moreover, witnesses testified that they saw bruises on H 'from th[at] incident,' and H testified that she did not get all bruises at the same time and that defendant 'gave [her] the bruises' in the photographs, which H took 11 days after the date the state alleges the incident occurred."

The original opinion, on page 186, contains this sentence:

"H's testimony that 'it hurt' after defendant strangled and 'threw' her on the 'concrete ground,' along with witnesses' testimony that H was bruised 'from th[at] incident,' the pictures of the bruises, and the fact that the bruises lasted at least 10 days, was sufficient for a jury to make the reasonable inference that H's pain was ample rather than fleeting."

That sentence is revised to read as follows:

"H's testimony that 'it hurt' after defendant strangled and 'threw' her on the 'concrete ground,' along with witnesses' testimony that H was bruised 'from th[at] incident,' the pictures of the bruises, and the permissible inference that the bruises lasted at least 11 days, was sufficient for a jury to make the reasonable inference that H's pain was ample rather than fleeting."

Reconsideration allowed; former opinion modified and adhered to as modified.