828 July 9, 2025 No. 629

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENJAMIN SHANE ADAMS,
*Defendant-Appellant.*

Washington County Circuit Court
22CR37360; A181892

Janelle F. Wipper, Judge.

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for delivery of methamphetamine, ORS 475.890(2). On appeal, he argues that the court erred in denying his motion for judgment of acquittal because, under *State v. Hubbell*, 371 Or 340, 359, 537 P3d 503 (2023) (*Hubbell II*), there was insufficient evidence to prove delivery under an "attempted transfer" theory. We conclude that the evidence was sufficient and, accordingly, affirm.

We review a trial court's denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 62-63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995); *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022). Our decision is not whether we believe that defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for the factfinder to so find. *Cunningham*, 320 Or at 63.

"Delivery" of a controlled substance "means the actual, constructive or attempted transfer of" the substance "from one person to another." ORS 475.005(8). The state charged defendant on the theory that he committed delivery through an "attempted transfer." In *Hubbell II*, the Supreme Court clarified that convicting an individual for delivery of a controlled substance on an "attempted transfer" theory required the state to prove that the person made "some effort to undertake the *act or acts* of causing controlled substances to pass from one person to another." 371 Or at 359 (emphasis in original). The court further explained that "evidence that a person possessed a large quantity of a controlled substance and had a general intent to transfer it at an undetermined future time" was insufficient to establish an attempted transfer, and that "[s]ome additional evidence that the person made an effort to engage in the act of transferring" was required. *Id*. at 360.

Viewed in the light most favorable to the state, the evidence in this case satisfied the "attempted transfer"

standard. Defendant agreed to sell $30 worth of methamphetamine to an undercover officer posing as "Rachel"; he agreed to meet "Rachel" at a specific location and time; and he arrived at that location in possession of methamphetamine worth approximately $30. That evidence was sufficient for the trial court to conclude that defendant made an effort to engage in the act of transferring a controlled substance.[1] Accordingly, the court did not err.

Affirmed.

---

[1] Whether the people of Oregon were well-served by having: (1) law enforcement resources deployed to impersonate a woman online to encourage defendant to obtain and sell $30 worth of methamphetamine; (2) county resources incurred to prosecute such as a delivery charge; and (3) state resources expended for a public defender and to incarcerate defendant for 25 months, are questions beyond the scope of our review.