576 December 10, 2025 No. 1066

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LINDA LEE CHILDRESS,
*Defendant-Appellant.*

Linn County Circuit Court
22CR49133; A182471

Michael B. Wynhausen, Judge.

Submitted December 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, Pagán, Judge, and Armstrong, Senior Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a conviction for custodial interference in the second degree, ORS 163.245. On appeal, defendant's sole assignment of error asserts that the trial court erred when it failed to grant her motion for a judgment of acquittal (MJOA). Defendant argues that there was not sufficient evidence that she intended to interfere with custody for a protracted period. We conclude that a reasonable jury could have found defendant guilty, and we thus affirm.

A judgment of acquittal is appropriate if the evidence is insufficient to support a verdict. *State v. Cunningham*, 320 Or 47, 61-62, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995); *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022). We review questions of the sufficiency of the evidence in a criminal case by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *Cunningham*, 320 Or at 63. Our decision is not whether we believe that defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for the factfinder to so find. *Id*. We have rejected the argument that circumstantial evidence may never be sufficient to convict. *Id*.

Defendant and M married in 2007 and had three children together, including H. Defendant and M divorced in 2021. The trial court awarded custody of the children of the relationship to M, with parenting time for defendant. On September 5, 2022, M was set to pick up the children from visitation with defendant. Defendant dropped off the children in a grocery store parking lot and then drove off. H went into the store, and M followed her in. H, who had previously expressed that she did not want to live with M, refused to go with M and attracted the attention of a store manager. H was texting on her phone. The store manager let H out a side door into a vehicle. M did not repeat the manager's description of the car, but testified, without objection:

"*** So I backed off and contacted Lebanon Police Department. And one of the managers there at Safeway

had opened a side door to let her out to get in with her mother.

"Q:   How do you know she got in with her mother?

"A:   Based on the vehicle description that the store manager gave the police for Lebanon."

Police were unable to locate H and she was declared a runaway. At trial, there were two witnesses: M, and Benton County Sherriff's Officer Lovik. Officer Lovik testified that she had approached defendant after school while defendant was picking up her other children. H was not present. Officer Lovik questioned defendant insistently as to where H was, and defendant eventually said: "What am I supposed to do, leave her to the streets?" Officer Lovik also testified that defendant was not worried about H; when asked if H was missing, defendant said no. As of trial, H still could not be found.

ORS 163.245(1) provides that:

"A person commits the crime of custodial interference in the second degree if, knowing or having reason to know that the person has no legal right to do so, the person takes, entices or keeps another person from the other person's lawful custodian or in violation of a valid joint custody order with intent to hold the other person permanently or for a protracted period."

Defendant argues that there was insufficient evidence to prove that she intended to hold H permanently or for a protracted period because while H may have gone with defendant on September 5, there was no proof that H had thereafter been with defendant.

Defendant concedes that a jury could have concluded that H got into defendant's car on September 5, based on H's behavior and M's statement about the car. The description of defendant's car via M via the manager was hearsay but was not objected to. Nor did M relay what precisely the manager's description was or how he had heard it. Still, a reasonable juror could infer that M heard the description, and that based on it, the car that H got into was defendant's. Further, based on the context, a reasonable juror could conclude that it was not reasonable to believe that H had acquired a ride

from a different person in such a short period of time. Thus, a juror could conclude that defendant had taken, enticed, or kept H from M. *See* ORS 163.245(1).

In turn, the subsequent inability to locate H, combined with defendant's apparent knowledge of H's whereabouts, her statements to Officer Lovik, and her general lack of cooperation with law enforcement, could be used to infer that defendant intended to hold H for a protracted period. *See* ORS 163.245(1). Defendant's statements could have meant that she only helped H escape on September 5 and H was living elsewhere (perhaps with friends). But a reasonable juror could also conclude that those statements meant that H was living with defendant, who seemed unbothered about H's whereabouts. *See State v. Adicho*, 197 Or App 394, 399, 105 P3d 916 (2005) (maintaining a child, such as by living with them and providing for their needs even absent control of the child, is sufficient for custodial interference).

Affirmed.